## PLATT *v.* HEDGE & CO.

An assignor of an open account, in an action by the assignee, is a competent witness for the plaintiff, to prove the items of the account, where the assignment is *bona fide*, and the defendant denies the account, and pleads payment.

*Appeal from the DesMoines District Court.*

SATURDAY, APRIL 23.

JAMES PLATT, being an operator in pork and hogs, had very considerable transactions with Thos. Hedge & Co., of Burlington, Iowa. He assigned, in writing, to the plaintiff an account of claims against Hedge & Co., amounting to $37,606 47, running from October 2d, 1855, to March 26, 1856, consisting of charges for money drafts, pork, and hogs, upon which the plaintiff brought his suit, October 9, 1857, claiming the above named sum, for money had and received of James Platt—money had and received on drafts, as the proceeds of pork sold on account of James Platt, and for hogs and pork delivered by, and for account of, the same ; all of which were to the use and benefit of James Platt, the assignor, and for which they had refused to account, and also on an account stated ; all which demands, claims, and accounts, had been assigned by said James to the plaintiff. The statement of accounts purports to be assigned " without recourse on me."

The answer denies all the plaintiff's allegations. It also alleges that defendants had paid and satisfied said James Platt, for all moneys advanced by him to them, before the assignment to plaintiff, and before notice thereof ; and that, at the time the account was assigned to plaintiff, and before defendants were notified thereof, they paid said Platt all of said amount that was just and true, and that the same was fully satisfied. To this there was filed a replication, deny-ing the new matter in the answer. Judgment for the defendant, from which the plaintiff appeals.

*Browning & Tracy*, for the appellants.

*J. C. & B. J. Hall*, for the appellees.

WOODWARD, J.—The bill of exceptions states that the plaintiff offered as a witness, James Platt, by whom he professed to prove that he was the assignor of the claim sued on, the assignment of the same, and that he had divested himself of all interest in it, so far as such assignment would do it, and to prove the items of the account. The defendants objected, upon the ground that the subject matter of the suit was not such as to vest such an interest, by assignment, in the assignee, as that he could sue in his own name, and use the assignor as a witness. The statute (Code, section 952), says, an open account of sums of money due on contract, may be assigned, and the assignee will have the right of action in his own name, but subject to the same defenses and set-offs as the instruments mentioned in the preceding section—that is, any defenses and set-offs, legal or equitable, against the assignee, which he may have against any assignor thereof before suit is commenced therein. By this section, an open account of sums of money, due for anything apparently *ex contractu*, and not *ex delicto*, may be assigned. The assignment transfers the entire property. The assignee may sue in his own name. Taking a simple case, unembarrassed by circumstances, what forbids the assignor being a witness? He is a competent one. It is only a question of interest; whether he has *bona fide*, absolutely, sold the demand. But if this is not so; or if he has sold the claim for a certain amount, and is bound to make that amount good; or if there are set-offs; or if there are other relations arising, and collateral circumstances affecting the question, we will not undertake to determine, by anticipation, the cases which may arise. In the case at bar, none of these circumstances appear, and none of these questions arise. The defendants plead a denial and payment, and on

these the assignor is a competent witness.

According to our present views, and as the case presents the witness, he was competent to testify; and, therefore, the judgment is reversed, and the cause remanded.